UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

CORNELL HENLEY, JR., )
 )
      Petitioner, )
 )
v. ) CAUSE NO. 3:17-CV-627-PPS-MGG
 )
WARDEN, )
 )
      Respondent. )

OPINION AND ORDER

    Cornell Henley, Jr., a prisoner without a lawyer, filed a habeas corpus petition challenging a disciplinary hearing in which a Disciplinary Hearing Officer found him guilty of assault and battery in violation of Indiana Department of Correction (IDOC) policy B-212. ECF 6 at 1. As a result, he was sanctioned with the loss of 30 days earned credit time. *Id.*

    The Fourteenth Amendment guarantees prisoners certain procedural due process rights in prison disciplinary hearings: (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision-maker; (3) an opportunity to call witnesses and present documentary evidence in defense, when consistent with institutional safety and correctional goals; and (4) a written statement by the fact-finder of evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539 (1974). To satisfy due process, there must also be "some evidence" in the

record to support the guilty finding. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985).

In the context of a disciplinary hearing, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56. "In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (quotation marks omitted).

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted).

Here, Henley was found guilty of assault and battery in violation of IDOC policy B-212.[1] Specifically, IDOC offense B-212 prohibits inmates from "[c]ommitting a battery/assault upon another person without a weapon or inflicting bodily injury."

---

[1] Henley was originally charged with offense A-102, which is defined as assaulting another person with a weapon or inflicting serious bodily injury. However, the hearing officer reduced the charge to offense B-212, which entails assault and battery but does not involve a weapon or serious bodily injury. ECF 11-7 at 1.

Indiana Department of Correction, Adult Disciplinary Process: Appendix I.

http://www.in.gov/idoc/files/02-04-101_APPENDIX_I-OFFENSES_6-1-2015(1).pdf.

In the Conduct Report, Officer Burke charged Henley as follows:

> On April 8, 2017 at approximately 11:47 am offender Henley, Cornell DOC #207111 assaulted offender Ritz, Adam DOC 121813 while he was lying outside at recreation at ISO. Refer to case 17-ISP-0085.

ECF 11-1 at 1.

Prior to the administrative hearing, Henley requested witness statements from two offenders. Neither was particularly helpful to Henley. Offender Keon Moten provided a statement in which he stated, "I have nothing to say. Thank you." ECF 11-4 at 1. Offender Darius Bratcher provided a statement in which he stated, "I wasn't present at the time of the incident." ECF 11-5 at 1.

The hearing officer conducted a review of the requested video and provided a summary stating there was no camera review at the facility for "outside recreation" where the incident occurred. ECF 11-6 at 1. However, she provided a separate video summary in which she described Henley's movements before and after the incident:

> At approx. 11:38AM offenders leave for recreation.
>
> Approx. 11:39AM offender Henley walks out of East 2 into East 2 Inside REC. He walks into a corner and disappears off of the camera.
>
> Approx. 11:41AM offender Henley covering his face is seen coming onto the East stairs leaving the unit, but is never seen coming out of the dorm or inside REC.
>
> Approx. 11:42AM he walks through the ISO weight room, day room, and dining area all while covering his face with his hand.

> Approx. 11:47AM offenders in the East 2 inside REC area are seen at the window watching something happening. Offender Henley is nowhere to be seen on inside REC.
>
> Approx. 11:55AM offender Henley covering his face, walks back through the dining area covering his face. He avoids the camera in the day room and is seen covering his face through the weight room and up the stairs. He leaves the stairwell to enter East 2, but disappears.
>
> Approx. 11:56AM offender Henley is seen in changed clothes walking from the corner where he is originally disappeared from.
>
> Approx. 12:24PM offender Henley is escorted off the unit.

ECF 11-6 at 2.

On April 17, 2017, Adam Ritz provided a statement in which he told Officer Burke that while he was at recreation and lying outside on the concrete, Henley approached him and repeatedly kicked him in the face. ECF 11 at 4, 8, 13-1 at 3. Furthermore, at the disciplinary hearing on May 1, 2017, Henley stated:

> I didn't assault Adam Ritz. The whole time I was working out. That was not me on the camera. I have marks that would show it is not me. I never went outside.

ECF 11-7 at 1.

In his amended petition, Henley argues there are three grounds which entitle him to habeas corpus relief. ECF 6 at 2-3. In two of those grounds, Henley asserts there was insufficient evidence for the hearing officer to find him guilty of offense B-212. *Id*. In assessing the sufficiency of the evidence, a conduct report alone can be enough to support a finding of guilt. *McPherson*, 188 F.3d at 786. Such is the case here. In the conduct report, Officer Burke documented her finding that Henley had assaulted

4

offender Adam Ritz at about 11:47 a.m. on April 8, 2017. ECF 11-1 at 1. Here, Officer Burke considered a number of pieces of evidence. First, she interviewed Ritz about the assault. ECF 11 at 4, 8, 13-1 at 3. Ritz told Officer Burke that, while he was at recreation and lying outside on the concrete, Henley approached him and repeatedly kicked him in the face. *Id*. Officer Burke next reviewed the video footage of Henley's movement inside the recreation area and found the footage supported Ritz's account of the assault because Henley was not seen on the video inside the recreation area when the assault occurred at 11:47 a.m. ECF 11 at 9, 13-1 at 5. In fact, at 11:47 a.m., there were multiple offenders observed on the video at a window where they were watching something happening—Henley assaulting Ritz. *Id*. The gap in time on the video from 11:47 a.m. to 11:55 a.m. when Henley reappeared on the video would have been enough time for Henley to assault Ritz. *Id*. Officer Burke noted the video footage showed that Henley attempted to disguise himself both before and after the assault by covering his face. *Id*. Furthermore, Officer Burke interviewed Officer Jasinski, who was working in the East 2 dorm on the day of the incident and able to identify Henley from a still photograph from the video footage. ECF 11 at 5, 9, 13-1 at 4.

In sum, given Officer Burke's conduct report, which she prepared as a result of her comprehensive internal affairs investigation, coupled with the court's review of the confidential evidence filed in this case, there was more than "some evidence" to conclude that Henley assaulted Ritz. In addition to these materials linking Henley to Ritz's assault, there are photographs contained in the record documenting Ritz's

injuries to his face and head along with the medical treatment he received for his injuries. ECF 11-8 at 1, 11-12 at 1-5. Because the hearing officer thoroughly considered the conduct report, evidence from witnesses, video footage, photographs, and internal affairs investigation file, Henley's due process rights were not violated. While Henley claimed he never assaulted Ritz and was working out at the time of the incident, the hearing officer was not required to credit or believe his story. *McPherson*, 188 F.3d at 786 (the court is not "required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence."). Therefore, the finding that Henley was guilty was neither arbitrary nor unreasonable in light of these facts.

In the third ground of his amended petition, Henley argues his due process rights were violated because the hearing officer improperly ordered him to pay $168.50 in restitution for Ritz's medical treatment. ECF 6 at 2. Here, he claims there is no hospital bill to support the treatment. *Id.* However, contrary to Henley's contention, the $168.50 amount is based on information supplied by Wexford Health, the company that provides medical care at the prison facility. ECF 11-8 at 1. Nevertheless, because the restitution order imposed by the DHO did not lengthen the duration of Henley's confinement, he cannot challenge it in a habeas corpus proceeding. *Hadley v. Holmes*, 341 F.3d 661, 664 (7th Cir. 2003); *Moran v. Sondalle*, 218 F.3d 647, 650-51 (7th Cir. 2000); *see also Hah Qawi v. Martin*, No. 3:07-CV-0057, 2007 WL 1119298, at *1 (N.D. Ind. Apr. 12,

2007) (recognizing that restitution is not actionable under 28 U.S.C. § 2254). Therefore, this ground does not identify a basis for habeas corpus relief.

If Henley wants to appeal this order, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because pursuant to 28 U.S.C. § 1915(a)(3) an appeal in this case could not be taken in good faith.

For these reasons, Cornell Henley, Jr.'s petition for writ of habeas corpus is DENIED. The clerk is DIRECTED to close this case.

SO ORDERED.

ENTERED: December 18, 2018.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT